Mikeisha BLACKMAN,
et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

James Jones, et al., Plaintiffs,

v.

District Of Columbia, et
al., Defendants.

No. CIV.A. 97–1629(PLF),
CIV.A. 97–2402(PLF).

United States District Court,
District of Columbia.

Nov. 25, 2003.

Daniel A. Rezeck, Esq., Cary Pollack, Esq., Tammy Seltzer, Esq., Alisa H. Reff, Esq., Charles Moran, Esq., Veleter Mazyck, Esq., Elise T. Baach, Esq., Lisa Coleman, Esq., District of Columbia Office of Administrative Hearings, Washington.

John Payton, Esq., Wilmer, Cutler & Pickering, Washington.

Charlotte Brookins–Hudson, Office of the General Counsel, Council of the District of Columbia, Washington.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This matter is before the Court on (1) the motion of the District of Columbia Office of Administrative Hearings ("OAH") for leave to intervene as a defendant in these consolidated class actions, and (2) the joint motion for preliminary approval of a consent decree that would resolve these cases, filed jointly by class counsel representing the two plaintiff subclasses in these actions and by the Office of the Corporation Counsel representing defendants the District of Columbia, the District of Columbia Public Schools ("DCPS"), the Superintendent for DCPS and the Director of Special Education for DCPS.

In a Memorandum Opinion and Order of August 22, 2003, the Court directed the parties to brief the question whether under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.,* only DCPS can fulfill its statutory obligation both to provide and to conduct the administrative due process hearings required by the IDEA, or whether that responsibility effectively may be transferred by the Council of the District of Columbia through legislation or by any other authority from DCPS to an independent District of Columbia agency such as the OAH. The Court asked the parties to survey the states in which such hearings are conducted by an agency other than the state or local educational agency as defined by the IDEA. To assist it in its analysis of these issues, the Court appointed John Payton of the firm of Wilmer, Cutler & Pickering as amicus curiae to file "a true friend of court brief unaligned with any party or prospective party." The Court also directed the OAH to file a brief and invited the Office of the Corporation Counsel for the District of Columbia and the Council of the District of Columbia to submit briefs as well.[1]

The Court has considered all briefs filed with respect to the authority of the OAH to conduct hearings under the IDEA, as well as those filed in connection with the motion of the OAH to intervene and the joint motion of the parties for preliminary approval of the consent decree. Based upon the arguments and

---

1. The Court expresses its gratitude to amicus curiae John Payton and his colleague Maya Alexandri for the excellent and extremely helpful amicus curiae brief they have submitted in this matter. They have performed a service to the Court and to the government of the District of Columbia and have acted in the best traditions of the Bar.

representations presented, the Court was prepared to issue an order (1) granting the motion of the OAH to intervene only in *Blackman v. District of Columbia,* Civil Action No. 97–1629, which involves the subclass of students who have been denied timely administrative due process hearings, and (2) denying the joint motion for preliminary approval of the consent decree. On November 10, 2003, however, plaintiffs filed a notice of pending legislation, and on November 14, 2003, the OAH filed a similar notice, advising the Court of legislation pending before the Council of the District of Columbia that would remove from the jurisdiction of the OAH the responsibility to conduct administrative due process hearings under the IDEA.[2] If the legislation is enacted and it is clear that the responsibility for such hearings will remain with DCPS and its Student Hearing Office throughout the life of the consent decree, it will no longer be appropriate, as the OAH acknowledges, to grant OAH the right to intervene as a defendant. The Court therefore will refrain from acting on the pending motions until it is formally advised by the defendants of the resolution of the legislative proposal pending before the Council.

SO ORDERED.

2. Surprisingly, the Court has heard nothing on this matter from the defendants in this case—the District of Columbia, DCPS, the Superintendent for DCPS, and the Director of Special Education.